**ERIC L. DAHLIN, OSB #96572**
ericdahlin@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon  97201
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**DANIEL J. LEFKOWITZ**
dilekowitz@llshllp.com
**PATRICK J. SULLIVAN**
pjsullivan@llshllp.com
**WAYNE R. LOUIS**
wrlouis@llshllp.com
**(Pro Hac Vice Applications to be Submitted)**
**LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P.**
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
Telephone (516) 942-4700
Facsimile (516) 942-4705

Attorneys for Plaintiff CSC Holdings, Inc.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## AT EUGENE

| | |
|---|---|
| **CSC HOLDINGS, INC.,** | Case No. OS-6118-HO |
| **PLAINTIFF,** | **COMPLAINT** |
| v. | |
| **RUSSELL TURREY, individually and d/b/a ONLINE COMMUNICATIONS, JOHNSON "DOE," JOHN NOS. 2-10, JANE DOES NOS. 1-10, UNIDENTIFIED CORPORATIONS NOS. 1-10, and UNIDENTIFIED BUSINESS ENTITIES NOS. 1-10,** | |
| **DEFENDANTS.** | |

Page 1 - COMPLAINT

600000 409

Plaintiff CSC HOLDINGS, INC. (hereinafter referred to as "Cablevision"), by its attorneys, as and for its claims against defendants RUSSELL TURREY, individually and d/b/a ONLINE COMMUNICATIONS, JOHN "DOE," JOHN DOES NOS. 2-10, JANE DOES NOS. 1-10, UNIDENTIFIED CORPORATIONS NOS. 1-10, and UNIDENTIFIED BUSINESS ENTITIES NOS. 1-10 (collectively, defendants), alleges as follows:

## Summary of Claims

1.      This action seeks declaratory and injunctive relief and monetary damages with respect to defendants' statutorily prohibited manufacture, modification, sale and/or distribution of "pirate" cable television converter-decoders, descrambling devices, and related equipment (hereinafter "pirate" decoders or descramblers) into the "black market" for the purpose of enabling the unauthorized reception and theft of Cablevision's cable television programming services. Defendants Russell Turrey, individually and d/b/a Online Communications, John "Doe," John Does Nos. 2-10, Jane "Does" Nos. 1-10, Unidentified Corporations 1-10 and Unidentified Business Entities 1-10 (collectively, the "defendants") have been in the business of manufacturing, selling or otherwise distributing "pirate" cable television descrambling equipment. The defendants have aided and assisted in the use of such equipment to intercept plaintiff's scrambled cable television programming services in direct violation of 47 U.S.C. § 553 (a)(1). This Complaint also asserts a supplemental state law claims for imposition of a constructive trust.

## Jurisdiction and Venue

2.      This action arises under 47 U.S.C. § 553 (a)(1).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1265492v1 67029-2
Portland

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims.  Venue is properly established in the District of Oregon pursuant to 28 U.S.C. § 1391(b).

## Parties

4.    At all times hereinafter mentioned, Cablevision is a corporation organized and existing under the laws of the State of Delaware.  It is a national multiple cable system operator and it and its subsidiaries own and operate numerous cable systems in, inter alia, New York, Connecticut, New Jersey, and Pennsylvania.  Cablevision also owns, in whole or in part, a number of cable television programming originators such as American Movie Classics ("AMC"), Independent Film Channel, Womens' Entertainment ("WE"), and Madison Square Garden Network ("MSG").

5.    At all times hereinafter mentioned, defendant Russell Turrey is a resident of Oregon, with a residential address at 5525 72 Avenue SE, Salem, Oregon  97301.  He conducts business via the fictitious business name of Online Communications and has business addresses at 5525 72 Avenue SE, Salem, Oregon  97301 and 3760 Market Street NE, Salem, Oregon  97301.

6.    At all times hereinafter mentioned, defendant John "Doe," is an individual with an unknown address.  He conducts business via the fictitious business name of Online Communications.

7.    At all times hereinafter mentioned, defendants John Does Nos. 2-10, Jane Does Nos. 1-10, Unidentified Corporations Nos. 1-10 and Unidentified Business Entities Nos. 1-

Page 3 - COMPLAINT

10 are as yet unidentified officers, directors, partners, business associates, joint venturers, owners and/or employees of the defendants and co-conspirators in their pirate cable television decoder distribution scheme with a business address at 5525 72 Avenue SE, Salem, Oregon 97301 and/or unknown addresses.

## Factual Background

### The Cable Operator

8.       Cablevision and its affiliates operate cable television systems pursuant to franchises awarded to them by political subdivisions. These franchises authorize them to construct, operate, and maintain cable television systems in such areas. Cablevision provides cable television services to subscribers who request and pay for them. Some of the programming offered by Cablevision includes American Movie Classics ("AMC"), Independent Film Channel, Womens' Entertainment ("WE"), and Madison Square Garden Network ("MSG"), the originators of which are wholly or partially owned by Cablevision.

9.       Cablevision's programming is offered to its subscribers in "packages" of programming services. "Basic" and "Family" tiers are packages of programming services that a subscriber receives for a regular monthly fee. Subscribers may also elect to purchase certain premium programming services such as Cinemax, Home Box Office, and Showtime, for an additional monthly charge per service.

10.       Additionally, Cablevision offers pay-per-view programming, a service enabling a subscriber to purchase individual movies, sporting events, or other entertainment for a per-event fee over and above the subscriber's regular monthly fee.

11.       Each subscriber is entitled to receive only those programming services that

Page 4 - COMPLAINT

he or she selects and purchases.

12.     The signals for most of Cablevision's cable television services are received via satellite and retransmitted from Cablevision's satellite reception facilities to subscribers' homes through a network of cable wiring and equipment (the "System").

13.     Generally, in order for a subscriber to receive the services described above on his or her television set, Cablevision provides each subscriber with a device known as a "converter," which converts the multiple signals simultaneously transmitted over the System into different "channels" that can be viewed on subscribers' television sets.  To prevent subscribers from receiving premium and pay-per-view programming services other than those for which they have paid, Cablevision encodes or "scrambles" the signals for its premium and pay-per-view programming services.  Subscribers purchasing such scrambled programming services are provided with a device known as a "descrambler" or "decoder," which is incorporated into the converter.  The descrambler decodes the scrambled service so that the programming selected and purchased can be viewed clearly on the subscriber's television set.  Programming services not purchased by an individual subscriber will continue to be scrambled and therefore will be unviewable on that subscriber's television set.

14.     Plaintiff's systems are "addressable," meaning that the converter-decoder that Cablevision provides each subscriber is programmed by a central computer to enable the reception of only those programming services specifically selected and purchased by individual subscribers.

15.     Encoding ("scrambling") is a primary security method employed by plaintiff and other cable television operators to prevent subscribers from receiving services for

Page 5 - COMPLAINT

which they have not paid.

16.     It is possible for a dishonest individual to install an unauthorized or "pirate" converter-decoder (one illegally programmed to descramble all of plaintiff's programming services) onto the plaintiff's cable television system, or to use a pirate device in conjunction with the converter-decoders issued by Cablevision to its subscribers, or otherwise to tamper with plaintiff's equipment in order to receive all of Cablevision's scrambled programming without authorization and without making payment therefor.

17.     Pay-per-view, which is one of Cablevision's scrambled services, includes selections that typically range in price from approximately $3.95 to $54.95.    Pay-per-view programming is available throughout the day on a per-event or per-movie basis.    Premium services, which are also scrambled by Cablevision, range in price from approximately $1.95 to $14.95 per month per service.    Hence, an individual could conceivably steal hundreds of dollars worth of Cablevision's premium and pay-per-view services each month through the use of a "pirate" converter-decoder.

18.     Theft of cable television service has a negative impact on the governmental units in the areas serviced by Cablevision as they derive franchise fees from a cable operator's gross revenues.    The lost revenues to cable operators adversely affect the ability of those operators to purchase and maintain a high quality of programming services for their subscribers.    The interception of Cablevision's signals also result in losses to the creators and/or owners of the copyrighted works that are transmitted via the signals.    Furthermore, the maintenance of unauthorized connections and use of pirate converter-decoders may result in signal "leakage," which violates FCC regulations and for which Cablevision may suffer the

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1265492v1 67029-2
Portland

imposition of substantial fines and other sanctions.

19.    Cablevision's signal is a private telecommunication not intended for public use.

## Defendants' Misconduct

20.    The defendants have been engaged in a scheme to illegally manufacture, sell or otherwise distribute "pirate" cable television descramblers for profit.

21.    Defendants have manufactured, sold and/or distributed "pirate" cable television descrambling and decoding devices with the intent and specific knowledge that such devices would enable their ultimate users to receive plaintiff's premium and pay-per-view cable television programming services without the authorization of the plaintiff or the owners and/or creators of the copyrighted works, and without having paid for those programming services.

22.    The "pirate" converter-decoders that defendants manufacture, modify, sell and/or distribute have been modified to circumvent Cablevision's premium and pay-per-view encryption technology.  These "pirate" devices have the capability to unlawfully descramble all scrambled premium and pay-per-view cable television programming transmitted on Cablevision's system.

## First Claim for Relief

## Violation of the Communications Act, 47 U.S.C. § 553 (a)(1)

23.    Plaintiff incorporates by reference paragraphs 1 through 22 inclusive as if fully set forth herein.

24.    The defendants have been engaged and continue to be engaged in the

Page 7 - COMPLAINT

manufacture, sale and/or distribution of "pirate" cable television descrambling devices, knowing or having reason to know that such equipment is used in the unauthorized decryption, interception and receipt of plaintiff's premium and pay-per-view cable television programming services. Defendants' manufacture, sale and/or distribution of "pirate" cable television descrambling devices for the theft and unauthorized reception of plaintiff's premium and pay-per-view cable television services violates section 553 (a)(1) of the Communications Act, Title 47 of the United States Code.

25.    The "pirate" descrambling devices and equipment manufactured, sold and/or distributed by the defendants are specifically designed to descramble the plaintiff's encoded programming services without authorization, thereby permitting reception of the plaintiff's programming without payment for those services. Said conduct violates 47 U.S.C. section 553 (a)(1).

26.    By using a "pirate" cable television descrambling device received from the defendants, a dishonest individual may view the highest level of plaintiff's cable television programming services, including premium and pay-per-view, without paying the additional monthly charge per-service or per-event fee for said programming.

27.    Plaintiff's cable television programming services that are intercepted and stolen by the "pirate" descrambling equipment that the defendants have manufactured, distributed and/or sold are communications offered over a cable system under 47 U.S.C. section 553 (a)(1) which are protected from unauthorized interception and theft thereunder.

28.    The defendants violated the Communications Act willfully and for the purposes of their direct or indirect commercial advantage and/or private financial gain.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1265492v1 67029-2
Portland

Defendants were aware of the illegality of their actions.

      29.    Plaintiff has not authorized or consented to the manufacturing, assembling, modifying, importing, exporting, marketing, selling, delivering, furnishing, shipping, renting, repairing, distributing, leasing or use by the defendants of the aforementioned electronic equipment, nor has the plaintiff authorized or consented to the rendering of assistance by the defendants in the reception or interception of its cable television programming services without its authorization.

      30.    The plaintiff is a "person aggrieved" by the defendants' violations of the Communications Act, and is authorized by 47 U.S.C. section 553 (c)(1) to commence this action against the defendants for violations of section 553 (a)(1) of the Communications Act.

      31.    The defendants' violations have injured and will continue to injure plaintiff's ability to maximize its revenues by depriving it of the benefit of subscribers to its programming services and by injuring its goodwill and reputation. As a further result of such violations, defendants have gained and will continue to gain unjust enrichment.

      32.    Moreover, honest paying subscribers may have their services negatively affected as a result of defendants' violations. Furthermore, defendants' violations could result in signal leakage, which poses a threat to public safety.

      33.    Absent the Court's entry of injunctive relief, the defendants will continue to violate 47 U.S.C. section 553 (a)(1). The defendants knew or should have known that the sale and use of such electronic equipment was prohibited by law. Such violations of the Communications Act have caused and will continue to cause plaintiff irreparable harm. In addition to diminishing plaintiff's revenues, the defendants' unlawful conduct injures plaintiff's

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1265492v1 67029-2
Portland

reputation and goodwill, its ability to attract and finance the future acquisition of quality services, and further impairs its ability to enhance its future growth and profitability.

34.     Plaintiff has no adequate remedy at law to redress such violations.

## Plaintiff's Second Claim for Relief

## Supplemental Claim for Imposition of Constructive Trust

35.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 34, inclusive.

36.     The devices sold and/or distributed by the defendants allow purchasers thereof to receive all of plaintiff's cable television programming services, including premium and pay- per-view programming services, without payment to plaintiff therefor.

37.     Defendants' sales and distributions of "pirate" descrambling devices to plaintiff's subscribers diverts to the benefit of the defendants those revenues and profits otherwise accruing to plaintiff from its provision of premium and pay-per-view programming services to its subscribers.

38.     All amounts received by defendants from their sales and/or distributions of "pirate" descrambling devices to plaintiff's subscribers represent revenues and profits otherwise accruing to plaintiff.

39.     The defendants are unjustly enriched by the diversion of revenues and profits to them, as described in the preceding paragraph.  This unjust enrichment is enjoyed at the expense of and to the detriment of the plaintiff.

40.     The amount received by the defendants which represent diversion of profits and revenues due and owing to plaintiff, together with all gains received by defendants

Page 10 - COMPLAINT

from their transfer or use, or any property substituted by defendants therefor, in equity and good conscience belong to plaintiff.

WHEREFORE, the plaintiff requests that this Court grant the following relief:

(1)   Declare that the defendants' unauthorized manufacture, modification, sale and/or distribution of "pirate" cable television equipment designed known or intended to decode plaintiff's cable television programming signals without plaintiff's authorization violated 47 U.S.C. section 553(a)(1) and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage and/or private financial gain;

(2)   In accordance with 47 U.S.C. section 553 (c)(2)(a), enjoin the defendants, their agents, servants, employees, affiliated business entities, assigns and those controlled directly or indirectly by any of them from the manufacture, modification, sale, distribution, advertisement for and/or use of electronic equipment designed for the unauthorized interception of cable television service;

(3)   In accordance with 47 U.S.C. section 553(c)(2)(B), award the plaintiff against the defendants:

(a)   (1) either the actual damages which the plaintiff has suffered, together with any additional profits earned by defendants as a result of defendants' unauthorized manufacture, modification, sale and/or distribution of "pirate" cable television descrambling devices; or alternatively at plaintiff's election,

(2) statutory damages in a total amount of between $250 and $10,000 for all of defendants' prohibited "pirate" descrambling devices sold and/or distributed by the defendants in violation of 47 U.S.C. section 553 (a)(1), and, whether (a) or (b) is elected, and

Page 11 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

PDX 1265492v1 67029-2
Portland

(b) an additional sum of statutory enhanced damages of up to $50,000 pursuant to 47 U.S.C. § 553 (c)(3)(B) for defendants' violations of 47 U.S.C. section 553 (a)(1), based on defendants' having committed such violations willfully and for purposes of private financial gain;

(4)  In accordance with 47 U.S.C. section 553 (c)(3)(A)(i), order an accounting of all profits and expenses realized by defendants in violation of the foregoing statutes, together with defendants' production of all records reflecting sales of their "pirate" descrambling devices; and

(5)  In accordance with the equitable remedy of constructive trust, order that the full value of services converted by virtue of defendants' "pirate" cable television descrambling device sales operation be ordered returned by the defendants to plaintiff; and

(6)  Pursuant to 47 U.S.C. § 553 (c)(2)(A), order the defendants' surrender and permanent transfer and ownership to plaintiff of their descrambling devices, invoices, business records and other tools of their illegal business; and

(7)  In accordance with 47 U.S.C. § 553 (c)(2)(C), direct defendants to pay plaintiff all of plaintiff's full costs, including reasonable attorneys' fees and investigative expenses; and

///

///

///

///

///

Page 12 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon  97201 · (503) 241-2300

(8) Grant such other and further relief as is just.

DATED this 26th day of April, 2005.

DAVIS WRIGHT TREMAINE LLP

By

ERIC L. DAHLIN, OSB # 96572
1300 S.W. Fifth Avenue, Suite 2300
Portland, Oregon 97201
Telephone (503) 241-2300

LEFKOWITZ, LOUIS, SULLIVAN & HOGAN, L.L.P

DANIEL J. LEFKOWITZ
PATRICK J. SULLIVAN
WAYNE R. LOUIS
(Pro Hac Vice Applications to be Submitted)
350 Jericho Turnpike, Suite 300
Jericho, New York 11753
Telephone: (516) 942-4700

Attorneys for Plaintiff

Page 13 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2300
Portland, Oregon 97201 · (503) 241-2300

PDX 1265492v1 67029-2
Portland